UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE NORCROSS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>TISHMAN SPEYER PROPERTIES, L.P., ROCK RINK L.L.C., and RCPI LANDMARK PROPERTIES, LLC,<br><br>       Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Natalie Norcross brings this action on behalf of herself, and all others similarly situated against Tishman Speyer Properties, L.P., Rock Rink L.L.C., and RCPI Landmark Properties, LLC ("Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

  1. For over a year, Defendants have been nickel and diming visitors of the Top of the Rock, the Rink, and the Rockefeller Center Tours (collectively, "places of entertainment") on their website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a visitor selects an admission ticket on the website https://www.rockefellercenter.com/, she is quoted a fee-less price, only to be ambushed by a $5.00 "processing fee" at checkout after clicking through the various screens required to make a purchase – all while a clock is ticking down for a consumer to complete her transaction. Because New York is a busy place, and because these fees are only flashed *after* a visitor selects their tickets, Defendants can plausibly put the consumer on a shot clock and tell them they need to decide quick, because Defendants

cannot hold her ticket open forever. This cheap trick has enabled Defendants to swindle substantial sums of money from its customers.

2. To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id*. This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendants' places of entertainment for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants. Defendants sold at least 100,000 tickets to its places of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold. There is minimum diversity under 28 U.S.C. § 1332(d) because many class members who visit Defendants places of entertainment come from other states.

5. This Court has personal jurisdiction over Defendants because Defendants operate places of entertainment in the state of New York and sell tickets to visit these places through their website.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' places of entertainment are located in this District, and because Plaintiff purchased tickets to visit Defendants' places of entertainment in this District.

## PARTIES

7. Plaintiff Natalie Norcross is an individual consumer who, at all times material hereto, was a citizen and resident of Cleveland Heights, Ohio. Plaintiff purchased two one-day passes to Defendants' skating rink in New York, New York on November 12, 2023 through Defendants' website, https://www.rockefellercenter.com. The transaction flow process she viewed on Defendants' website was substantially similar as that depicted in Figures 1 through 6 in this complaint.

8. Defendant Tishman Speyer Properties, L.P. is a limited partnership headquartered in New York, New York. Defendant Tishman Speyer Properties, L.P. operates the Rockefeller Center and its website, located in New York, New York.

9. Defendant Rock Rink L.L.C. is a limited liability company headquartered in New York, New York. Defendant Rock Rink L.L.C. operates the Rockefeller Center and its website, located in New York, New York.

10. Defendant RCPI Landmark Properties, LLC is a limited liability company headquartered in New York, New York. Defendant RCPI Landmark Properties, LLC operates the Rockefeller Center and its website, located in New York, New York.

**RELEVANT FACTUAL ALLEGATIONS**

11. When a person visits Defendants' website, www.rockefellercenter.com/buy-tickets, on the main page, she can click the "BUY TICKETS" button to select various admission tickets to visit Defendants' "Top of the Rock," "The Rink," and "Rockefeller Center Tour" attractions. *See* Figure 1.[1] The total cost of the admission tickets for each of these events is not shown on this webpage, only the face value of the tickets themselves, in violation of New York Arts & Cultural Affairs Law § 25.07(4).

**Figure 1**






---

[1] Although Figure 1 only shows the tickets for the Top of the Rock, tickets to the other attractions can be seen by scrolling down on the webpage.

12.     After a consumer selects the "BUY TICKET" button for any of these attractions, she is taken to a "Ticket Quantity" screen which allows her to select the number of admission tickets she wishes to purchase. *See* Figure 2. The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4). *Id*.

**Figure 2**



13.     In fact, not only is the total cost of the ticket not displayed, but neither is the face value of the ticket. Instead the face value of the ticket is prominently misrepresented as $ 42 ($21 per ticket) on the upper right hand corner of the page. However, as shown in smaller print below, the ticket range for 1 adult ticket ranges from $ 21 to $ 79 depending on the date and time of day.

5

14.     *After* a consumer selects the ticket or tickets she wishes to purchase, she can click the "CONTINUE" button.  After the consumer clicks that button, she is taken to a screen showing dates and times.  *See* Figure 3.   Again, the total cost of the ticket is not displayed on this page either.  *Id*.

15.     A count-down timer appears at the very top and center of dates and times page, urging the consumer to hurry up.  *Id*.  This page displays the face value of the ticket for the date and time selected.  After selecting the date and time and clicking the "Continue" button, the consumer is then taken to an Add-Ons page.  *See* Figure 4., next page

**Figure 3**



**Figure 4**



16.     After a user clicks the "CONTINUE" button on the Add-on, a "Your Cart" side bar appears, with a second countdown timer, also prominently displayed at the top of that bar. *See* Figure 5, next page.  The total cost of the tickets is still not prominently displayed.

Figure 5



17.     After the consumer clicks the checkout button, they are taken to the Contact & Billing information page, which requires consumers to input their personal information. Figure 6, next page. At this point, a subtle $5.00 Processing Fee appears on the left hand side of the page. *Id*.

18.     At this point, the ticket price increases from the original price of $21 per ticket on Figure 2, to $184 ($46 per ticket) displayed on Figure 5, to the final, total $ 189.44 price quoted on Figure 6. Defendants' total cost per ticket is disclosed for the first time on this final screen.

**Figure 6**



9

19.     If the timer falls to zero, a pop-up emerges informing consumers their Session has expired, and their tickets have been released.  Figure 7.

**Figure 7**



**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

20.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added).  And "[t]he

price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 2, 3, and 5.

21.     Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law.  As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser."  *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

22.     **Nationwide Class:**  Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to Defendants' Top of the Rink, the Rink, and Rockefeller Center Tours in New York, New York from Defendants' website, https://www.rockefellercenter.com/, on or after August 29, 2022.  Excluded from the Nationwide Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

23.     Members of the Nationwide Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class are in the

11

hundreds of thousands.[2]  The precise number of Nationwide Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendants.

24. Common questions of law and fact exist as to all Nationwide Class members and predominate over questions affecting only individual Nationwide Class members.  Common legal and factual questions include, but are not limited to: (a) whether Defendants failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendants' tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

25. The claims of the named Plaintiff are typical of the claims of the Nationwide Class in that the named Plaintiff and the Nationwide sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants' failure to disclose the total cost of its tickets, including Defendants' processing fees, throughout the online ticket purchase process.

26. Plaintiff is an adequate representative of the Nationwide Class because her interests do not conflict with the interests of the Nationwide Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Nationwide Class members will be fairly and adequately protected by Plaintiff and her counsel.

---

[2] According to the website traffic analytics company Similarweb, Defendant's website has received 1.48 million visits in the last three months, with 75.61% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=rockefellercenter.com.

12

27. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class members. Each individual Nationwide Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf Of The Nationwide Class)

28. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class against Defendants.

30. Defendants are "operator[s]… of a place of entertainment" because Defendants operate the Top of the Rock, the Rink, and Rockefeller Center Tours, which are all a "place of entertainment." "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, <u>museum</u>, amusement park, or <u>other place where</u> performances, concerts, <u>exhibits</u>, <u>athletic games</u> or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

13

31.     Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2, 3, and 5 of this Complaint.

32.     Defendants also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted in Figures 2-6 of this Complaint.

33.     Defendants' "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

34.     On October 10, 2023, Plaintiff purchased tickets on Defendants' website and was forced to pay Defendants' processing fee. Plaintiff was harmed by paying this processing fee, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

35.     On behalf of herself and members of the Nationwide Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class, prays for judgment as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Dated: December 22, 2023        **BURSOR & FISHER, P.A**.

By:     */s/ Philip L. Fraietta*
            Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*