UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE NORCROSS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TISHMAN SPEYER PROPERTIES, L.P., ROCK RINK L.L.C., AND RCPI LANDMARK PROPERTIES, LLC,<br><br>Defendants. | Civil Action No.: 1:23-cv-11153-JPO<br><br>Hon. J. Paul Oetken |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I make this Declaration in support of Plaintiff's Motion for Final Approval of Settlement and Judgment and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

3. Beginning in November 2023, my firm commenced a pre-suit investigation of companies' violations of the newly-enacted New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4), including Defendants Tishman Speyer Properties, L.P., Rock Rink L.L.C., and RCPI Landmark Properties, L.L.C. ("Defendants"). The theory of liability was novel. No case had

ever been brought under ACAL § 25.07(4), nor had any court issued an opinion interpreting the statute. Thus, our investigation was extensive and involved in-depth research into the legislative history of ACAL § 25.07(4), issues pertaining to statutory interpretation under New York law, as well as factual research regarding Defendants' website and implementation of processing fees.

4. Despite knowing we were wading into uncharted waters, on December 23, 2023, Plaintiff and Class Counsel filed the Class Action Complaint in this matter, the first ever action under ACAL § 25.07(4). ECF No. 1. The material allegations of the Complaint center on Defendants' alleged failure to disclose a $5.00 processing fee for tickets to their Top of the Rock, the Rink, and Rockefeller Center Tours prior to those tickets being selected for purchase, in alleged violation of ACAL § 25.07(4). *See generally id.*

5. Before Defendants formally responded to the Complaint, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution.

6. As part of the settlement negotiations, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class, specifically the amount of processing fees Defendants collected during the relevant time period. We also discussed and debated key facts, legal issues, litigation risks, and potential settlement structures. That informal discovery showed that Defendants collected $991,286.42 in processing fees and related taxes from August 29, 2022 through and including January 31, 2024. It also showed that Defendants stopped charging processing fees for electronic tickets to their Places of Entertainment as of February 1, 2024.

7. Given that the information exchanged would have been, in large part, the same information produced in formal discovery related to issues of class certification and summary

judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

8.  After Class Counsel received the information, counsel for the Parties had numerous conferences, and, on April 12, 2024, the Parties reached agreement on all material terms of a class action settlement and executed a term sheet.

9.  The next business day, the Parties filed a joint letter to inform the Court that the Parties had reached agreement on all material terms. ECF No. 16.

10. In the weeks following, the Parties engaged a Settlement Administrator and, in consultation with the Settlement Administrator on matters of notice and claims administration, negotiated the full-form Settlement Agreement. *See* Ex. 1. That process included multiple rounds of redlines and phone calls to discuss proposed edits, as well as phone calls with the Settlement Administrator to discuss the most efficient way of compensating Settlement Class Members. In conjunction with Defendants and the Settlement Administrator, I investigated the feasibility of automatic payments but due to the wide array of countries in which Settlement Class Members reside, and the differing regulations/availability of electronic payments in those countries, determined that automatic payments were not feasible in this matter.

11. The resulting $1,100,000 Proposed Settlement secures extraordinary relief for the class. Based on Defendants' records the proposed Settlement Class includes approximately 175,979 persons who (i) purchased electronic tickets to Defendants' Places of Entertainment on Defendants' website https://www.rockefellercenter.com/, from August 29, 2022 through and including January 31, 2024; and (ii) paid a processing fee in connection with such purchase.

12. Pursuant to the terms of the Proposed Settlement, every Settlement Class Member who submits a timely and valid Claim Form will receive a pro rata cash payment from

Settlement Fund as a percentage of the total amount of processing fees he or she paid to Defendants during the class period, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid by Defendants. Settlement ¶ 1.40; 2.1(b).

13.     In addition, Defendants represent that they no longer charge processing fees for electronic tickets to their Places of Entertainment and as part of the Settlement agree not to reinstate the processing fee that was the subject of this litigation unless: (i) they clearly and conspicuously disclose the total cost of the tickets, inclusive of all processing fees, prior to the ticket being selected for purchase; or (ii) ACAL § 25.07(4) is amended, repealed, or otherwise invalidated, thereby remedying the conduct that is the subject of case. *Id.* ¶ 2.2.

14.     The Court preliminarily approved the Settlement on May 17, 2024. ECF No. 24.

15.     The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determined all the contours of the proposed class, and reached a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length.

16.     Plaintiff and Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class' ability to secure an award of damages under ACAL §§ 25.07(4) and 25.33, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

17.     Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendants' various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever. This is especially true in light of the fact that no

case had ever been brought under ACAL § 25.07(4), and at the time of settlement, no court had ever issued a decision pertaining to the statute. Still today, there is no binding authority on the statute and no case under the statute has progressed to contested class certification, summary judgment, or trial. Numerous motions to dismiss also remain pending. *See, e.g.*, *Ruiz v. The Museum of Sex, LLC*, Case No. 24-cv-00178-RA, ECF No. 11 (S.D.N.Y. Mar. 7, 2024); *Puller v. Legends OWO, LLC*, Case No. 24-cv-00209-RA, ECF No. 13 (S.D.N.Y. Mar. 8, 2024); *Jones v. Regal Cinemas Inc.*, Case No. 23-cv-11145-MMG, ECF No. 18 (S.D.N.Y. Apr. 12, 2024); *Frias v. City Winery New York, LLC*, Index No. 651284/2024, NYSCEF No. 12 (Sup. Ct. New York Cnty. June 17, 2024); *Summerville v. Gotham Comedy Foundation, Inc.*, Case No. 24-cv-01484-ER, ECF No. 15 (S.D.N.Y. June 21, 2024); *Presson v. Alamo Intermediate II Holdings, LLC*, Case No. 24-cv-00170-ER (S.D.N.Y. June 21, 2024); *Bingahlan v. American Museum of the Moving Image d/b/a Museum of the Moving Image*, Index No. 703696/2024, NYSCEF No. 15 (Sup. Ct. Queens Cnty. July 2, 2024).

18.     Defendants are also represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving to dismiss the Complaint, and, if unsuccessful, moving for summary judgment after discovery. More specifically, Plaintiff and Class Counsel are aware that Defendants would continue to assert a number of defenses on the merits, including that Plaintiff's allegations are insufficient under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), including because: (i) Plaintiff fails to allege more than a "bare procedural violation" of the ACAL, (ii) Plaintiff's claims are barred by the voluntary payment doctrine; (iii) Plaintiff's allegations do not give rise to a viable claim for violation of ACAL § 25.07(4); and (iv) Defendants' processing fees are permitted under ACAL § 25.29. Defendants would have also vigorously contested the

certification of a litigation class. Looking beyond trial, Plaintiffs are keenly aware that Defendants could appeal the merits of any adverse decision.

19. Plaintiff and Class Counsel believe that the monetary relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

20. Attached hereto as **Exhibit 2** is a current firm resume for Bursor & Fisher, P.A.

21. As aforementioned, my firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Ex. 13; Firm Resume of Bursor & Fisher, P.A.). Indeed, my firm has brought several other cases on behalf of putative class members for violations of ACAL § 25.07(4). *See*, *e.g.*, cases cited at Paragraph 18, *supra*.

22. In addition, my firm has also been recognized by courts across the country for its expertise. (*See* Ex. 13); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.") [1]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

23. Moreover, my firm has served as trial counsel for class action Plaintiffs in six jury

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

trials and has won all six, with recoveries ranging from $21 million to $299 million.

24. On May 17, 2024, the Court granted Preliminary Approval of the settlement. ECF No. 24. After the Court granted Preliminary Approval, as Class Counsel, Epiq Class Action & Claims Solutions, Inc. ("Epiq") was formally retained for claims administration. They sent Class Notice to 175,983 potentially valid email addresses on June 14, 2024. Based on Epiq's records, which I periodically reviewed, this Notice reached over 96% of the Class, and the only individuals to whom notice could not be delivered consisted of email accounts that were either closed, had bad domain names, or an address, or who's server's were busy or unable of delivering the Notice.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 2nd day of August, 2024 at New York, New York.

                                          */s Philip L. Fraietta*
                                          Philip L. Fraietta